### In the Matter of Troy L. SMITH, Debtor.

**Bankruptcy No. 91–27867.**

United States Bankruptcy Court, D. New Jersey.

April 13, 1993.

Vincent James Sanzone, Jr., Summit, NJ, for debtor.

William M.E. Powers, Jr., Medford, NJ, for NationsBanc Mortgage Corp.

### *OPINION*

WILLIAM F. TUOHEY, Bankruptcy Judge.

Two matters are currently before the court for consideration: 1) the debtor, Troy L. Smith's, pending confirmation of his proposed chapter 11 plan of reorganization which was filed with the court on April 20, 1992 and amended December 1, 1992; and 2) NationsBanc Mortgage Corporation's motion seeking relief from the automatic stay to continue its foreclosure action against the debtor's principal residence. Because this contested matter deals with the confirmation of a chapter 11 plan and a motion to vacate the automatic stay, the issues raised are core proceedings as defined by Congress in 28 U.S.C. § 157 *et seq.* The within opinion constitutes findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

## FINDINGS OF FACT

1. On November 20, 1991, the debtor, Troy L. Smith (the "debtor"), filed a voluntary petition for relief pursuant to chapter 11 of the United States Bankruptcy Code. (Exhibit D–2, p. 3).

2. NationsBanc Mortgage Corporation ("NationsBanc") holds a first purchase money mortgage and note on the principal residence of the debtor, known as 61 Everett Place, Plainfield, New Jersey (the "residence"). (Exhibit D–2, p. 13) With the exception of a secured automobile loan, NationsBanc is the debtor's only secured creditor. (Exhibit D–2, p. 7–8).

3. On December 1, 1989, the debtor defaulted on his mortgage with NationsBanc by failing to make his monthly payment.

4. On July 20, 1990, NationsBanc, which was then known as Fundamental Mortgage Corporation, filed a complaint in the Superior Court of New Jersey to foreclose on the residence.

5. A final judgment of foreclosure was entered on June 18, 1991. The pending foreclosure sale of the residence pursuant to the foreclosure judgment precipitated the debtor's filing for bankruptcy protection. (Exhibit D–2, p. 3).

6. On April 20, 1992, the debtor filed a disclosure statement and plan of reorganization with the court. (Exhibit D–2). An order approving the disclosure statement was entered by this court on June 26, 1992. The confirmation hearing was set for September 15, 1992.

7. NationsBanc voted to reject the debtor's plan and filed its rejection on September 8, 1992. (Exhibit D–3).

8. On September 15, 1992, a confirmation hearing was held regarding the debtor's plan of reorganization. However, because there was as yet no impaired class of creditors voting to approve the plan, the court did not confirm the plan. Instead the court carried the matter so that the parties could submit briefs on the issue of confirmability of the plan.

9. Thereafter, on November 13 1992, counsel for the debtor informed the court that AT & T Employee Credit Union had accepted the plan on August 24, 1992. (Exhibit D–4). On this basis, the debtor requested this court to invoke the "cramdown" provisions of 11 U.S.C. § 1129(b)(1) and confirm the plan over the objections of NationsBanc.

10. Of relevance to the within matter, the debtor's plan proposes to satisfy NationsBanc's foreclosure judgement in the amount of $98,362.92 over a five year period, with interest of 8.5%, for a total of $121,069.20 over the life of the plan. (Exhibit D–1).[1]

11. On January 16, 1993 the court heard further testimony on the debtor's request for a cram-down plan of reorganization and reserved decision.

## DISCUSSION

### The Debtor's Proposed Plan of Reorganization

As outlined above, the debtor's plan of reorganization proposes to pay the foreclosure judgment obtained by NationsBanc in-full over a five year period at an annual interest rate of 8.5%. In other words, the debtor would like to pay over a period of years what, under state law, requires immediate satisfaction. NationsBanc argues, among other things, that such a plan of reorganization is unconfirmable because it runs afoul of the Third Circuit's decisions in *Matter of Roach*, 824 F.2d 1370 (3d Cir.1987) and *First Nat'l Fidelity Corp. v. Perry*, 945 F.2d 61 (3d Cir.1991).

In *Matter of Roach*, the Third Circuit held that chapter 13 does not authorize a

---

1. It should be noted that the debtor's initial plan provided for payment of NationsBanc's claim over a ten (10) year period, while his disclosure statement provided for a five (5) year repayment period. NationsBanc's objection responded initially to the attempt of the debtor to repay the amount of foreclosure judgment over a ten (10) year period. However, the debtor subsequently amended his plan to clarify the exact amount due NationsBanc pursuant to its judgment of foreclosure and to correct the ten (10) year error so that it was in conformity with the debtor's disclosure statement. (Exhibit D–1). Irrespective of the years for repayment, NationsBanc maintains its objection to the debtor's proposed plan.

debtor to reinstate his New Jersey home mortgage at any time after a foreclosure judgment has been entered. 824 F.2d at 1377. In *Perry*, the Third Circuit dealt with the attempt of chapter 13 debtors to overcome *Roach* by proposing to pay the foreclosure judgment over the term of a chapter 13 plan. 945 F.2d at 62. The Third Circuit stated:

> [A]fter a foreclosure judgment has been entered on a New Jersey home mortgage, Chapter 13 does not authorize a plan calling for payment of that judgment over the three to five years of the plan. To permit confirmation of such a plan would be to modify the rights of a claim secured only by the debtor's principal residence. Although the Bankruptcy Code ("Code") generally allows debtors to pay claims over the life of a Chapter 13 plan, it specifically excepts home mortgages from the general authorization to modify claims. 11 U.S.C. § 1322(b)(2). Accordingly, federal bankruptcy law does not preempt a New Jersey creditor's state law right to immediate payment of the foreclosure judgment entered as a result of a default on a home mortgage.

945 F.2d at 61–2.

In the case at bar, the debtor concedes that he filed under chapter 11 instead of chapter 13 to avoid the *Perry* argument.[2] Thus, the sole question for this court is whether the debtor is permitted to do in a chapter 11 what the Third Circuit has expressly forbidden in a chapter 13.[3]

NationsBanc argues that the Third Circuit's analysis in *Matter of Roach* was intended to apply in chapter 11 as well as chapter 13 cases. Specifically, in *Matter of Roach*, the Third Circuit stated "[s]ection 1123 of Chapter 11 and § 1322 of Chapter 13 are parallel provisions, and we believe it very likely that Congress' understanding of the authorization to cure defaults in each

was identical." 824 F.2d at 1376. Thus, NationsBanc argues, the reasoning of both *Roach* and *Perry* apply equally to chapter 11 as well as chapter 13 bankruptcy proceedings and therefore, the debtor should not be permitted to satisfy the foreclosure judgment over a period of years. The debtor, on the other hand, argues that *Matter of Roach*, a chapter 13 case, is not applicable to cases proceeding under chapter 11. Accordingly, the debtor asserts that satisfaction of a foreclosure judgment over the term of a chapter 11 plan of reorganization is permissible and should be allowed. This court disagrees.

Arguably the language in *Roach* quoted above and relied on by NationsBanc implies that the Third Circuit views the chapter 11 and chapter 13 provisions as being parallel. However, no such express statement has been made by the Third Circuit in any recent decisions since *Roach*[4] and this court declines to make such a holding now. Rather, this court's decision hinges more appropriately on the Third Circuit's reasoning and analysis in *Perry*.

In *Perry*, the Third Circuit held that because Congress specifically singled out home mortgagees for protection from modification of their rights, the bankruptcy code could not be used to force payment of foreclosure judgments over a period of years as opposed to the immediate satisfaction which mortgagees were entitled. *See Perry*, 945 F.2d at 61. The prohibition against modification of the rights of home mortgage lenders was intended to make home mortgage money on affordable terms more accessible to homeowners by assuring lenders that their expectations would not be frustrated. *Id.* at 64. Following this argument to its logical conclusion, to be consistent the Third Circuit would also not permit a modification of home mortgagees' rights in chapter 11 since to do so

---

**2.** Under chapter 13, the debtor is a classic *Perry* case in that judgement of foreclosure was entered pre-petition and the proposed plan of reorganization is attempting to satisfy that judgement over the term of a plan.

**3.** It is clear the debtor could not defeat the mortgagee's rights in a chapter 7 as well. *See*

*Dewsnup v. Timm*, —— U.S. ——, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992).

**4.** This is perhaps more a function of the fact that the current situation is rare and was not anticipated by the Third Circuit in rendering its decision in *Roach.*

would defeat the very purpose of Congress in singling out home mortgagees in the chapter 13 provisions. Since no specific provision in chapter 11 permits such a payment scheme as proposed by the debtor here, it follows that the debtor's attempt at such a payment flies in the face of the principles enunciated in *Perry* and therefore his plan of reorganization cannot be confirmed.

### NationsBanc's Motion for Relief From the Automatic Stay

Because the court has determined that the debtor's plan of reorganization cannot be confirmed as proposed, and the judgment of foreclosure bars relief under chapters 13 and 11, the stay will be vacated.

### CONCLUSION

For the all the foregoing reasons, the debtor's proposed chapter 11 plan of confirmation is denied and the stay is vacated.